UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:05-cv-40030-FDS

| | |
|---|---|
| JOHN A. BOLDUC, JR.,<br>　　　　Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF WEBSTER, ROBIN LEAL,<br>RICHARD BERGERON and<br>WILLIAM KEEFE,<br>　　　　Defendants | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**ANSWER OF THE DEFENDANTS, TOWN OF WEBSTER,
RICHARD BERGERON AND WILLIAM KEEFE,
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The defendants, Town of Webster, Richard Bergeron and William Keefe, answer the plaintiff's complaint, paragraph by paragraph as follows:

1.　　No response is required to paragraph 1 of the plaintiff's complaint since it is a statement of the case. Further answering, the defendants deny that they engaged in any of the acts alleged.

2.　　The defendants admit the allegations contained in paragraph 2 of plaintiff's complaint. Further answering, the defendants deny the allegations in Exhibit A.

3.　　The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint.

4.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint.

5.    The defendants admit that the Town received Exhibit C on August 9, 2004 but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of plaintiff's complaint.

6.    No response is required to paragraph 6 of the plaintiff's complaint since it is a statement pertaining to jurisdiction.

7.    No response is required to paragraph 7 of the plaintiff's complaint since it is a statement pertaining to jurisdiction.

8.    No response is required to paragraph 8 of the plaintiff's complaint since it is a statement pertaining to jurisdiction.

9.    The defendants deny the allegations contained in paragraph 9 of the plaintiff's complaint and call upon the plaintiff to prove the same.

10.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's complaint.

11.    The defendants admit the allegations contained in paragraph 11 of plaintiff's complaint.

12.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiff's complaint.

13.    The defendants admit the allegations contained in paragraph 13 of plaintiff's complaint.

14.    The defendants admit the allegations contained in paragraph 14 of plaintiff's complaint.

295219v1

15.    The defendants deny the allegations contained in paragraph 15 of the plaintiff's complaint and call upon the plaintiff to prove the same.

16.    No response is required to paragraph 16 of the plaintiff's complaint since it is a statement of the case.

17.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's complaint.

18.    The defendants admit the allegations contained in paragraph 18 of plaintiff's complaint.

19.    The defendants admit the allegations contained in paragraph 19 of plaintiff's complaint.

20.    The defendants admit the allegations contained in paragraph 20 of plaintiff's complaint.

21.    The defendants admit the allegations contained in paragraph 21 of plaintiff's complaint.

22.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiff's complaint.

23.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiff's complaint.

24.    The defendants admit the allegations contained in paragraph 24 of plaintiff's complaint.

25.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiff's complaint.

3

26.    The defendants deny the allegations contained in paragraph 26 of the plaintiff's complaint and call upon the plaintiff to prove the same.

27.    The defendants admit the allegations contained in paragraph 27 of plaintiff's complaint.

28.    The defendants deny the allegations contained in paragraph 28 of the plaintiff's complaint and call upon the plaintiff to prove the same.

29.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's complaint.

30.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's complaint.

31.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of plaintiff's complaint.

32.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiff's complaint.

33.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 33 of plaintiff's complaint.  The defendants admit the allegations contained in the second and third sentence of paragraph 33 of plaintiff's complaint.  The defendants deny the allegations contained in the fourth sentence of paragraph 33 of the plaintiff's complaint and call upon the plaintiff to prove the same.

34.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 34 of plaintiff's complaint.  The defendants deny the allegations contained in the second sentence of paragraph 34 of the plaintiff's complaint and call upon the plaintiff to prove the same.

295219v1

35.     The defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint and call upon the plaintiff to prove the same.

36.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiff's complaint.

37.     The defendants deny the allegations contained in paragraph 37 of the plaintiff's complaint and call upon the plaintiff to prove the same.

38.     The defendants deny the allegations contained in paragraph 38 of the plaintiff's complaint and call upon the plaintiff to prove the same.

39.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of plaintiff's complaint.

40.     The defendants admit that the plaintiff filed a memorandum known as Exhibit A to the complaint but deny the remaining allegations contained in paragraph 40.

41.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of plaintiff's complaint.

42.     The defendants admit that correspondence dated May 19, 2003 was received by the Town on May 20, 2003 but deny the remaining allegations contained in paragraph 42 of the plaintiff's complaint and call upon the plaintiff to prove the same.

43.     The defendants deny the allegations contained in paragraph 43 of the plaintiff's complaint and call upon the plaintiff to prove the same.

44.     The defendants admit that a complaint was filed as alleged but deny the remaining allegations contained in paragraph 44 of plaintiff's complaint.

45.     The defendants admit that a complaint was filed as alleged but deny the remaining allegations contained in paragraph 45 of plaintiff's complaint.

5

46.    The defendants admit the allegations contained in paragraph 46 of plaintiff's complaint.

47.    The defendants deny the allegations contained in paragraph 47 of the plaintiff's complaint and call upon the plaintiff to prove the same.

48.    The defendants deny the allegations contained in paragraph 48 of the plaintiff's complaint and call upon the plaintiff to prove the same.

49.    The defendants deny the allegations contained in paragraph 49 of the plaintiff's complaint and call upon the plaintiff to prove the same.

50.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of plaintiff's complaint.

51.    The defendants deny the allegations contained in paragraph 51 of the plaintiff's complaint and call upon the plaintiff to prove the same.

52.    The defendants deny the allegations contained in paragraph 52 of the plaintiff's complaint and call upon the plaintiff to prove the same.

53.    The defendants deny the allegations contained in paragraph 53 of the plaintiff's complaint and call upon the plaintiff to prove the same.

54.    The defendants admit the allegations contained in the first sentence of paragraph 54 of plaintiff's complaint.  The defendants deny the allegations contained in the second and third sentences of paragraph 54 of the plaintiff's complaint and call upon the plaintiff to prove the same.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 54 of plaintiff's complaint.

6

55.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of plaintiff's complaint.

56.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of plaintiff's complaint.

57.    The defendants admit the allegations contained in paragraph 57 of plaintiff's complaint.  Further answering, the defendants state that this change was requested so that the affidavit would be accurate.

58.    The defendants deny the allegations contained in paragraph 58 of the plaintiff's complaint and call upon the plaintiff to prove the same.

59.    The defendants admit the allegations contained in paragraph 59 of plaintiff's complaint.

60.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of plaintiff's complaint.

61.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of plaintiff's complaint.

62.    The defendants deny the allegations contained in paragraph 62 of the plaintiff's complaint and call upon the plaintiff to prove the same.

63.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of plaintiff's complaint.

64.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of plaintiff's complaint.

65.    The defendants admit the allegations contained in the first sentence of paragraph 65 of plaintiff's complaint.  The defendants are without knowledge or information sufficient to

295219v1

form a belief as to the truth of the allegations contained in the second sentence and third sentence of paragraph 65 of plaintiff's complaint.

66.     The defendants admit the allegations contained in paragraph 66 of plaintiff's complaint.

67.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of plaintiff's complaint.

68.     The defendants deny the allegations contained in paragraph 68 of the plaintiff's complaint and call upon the plaintiff to prove the same.

69.     The defendants deny the allegations contained in paragraph 69 of the plaintiff's complaint and call upon the plaintiff to prove the same.

70.     The defendants deny the allegations contained in paragraph 70 of the plaintiff's complaint and call upon the plaintiff to prove the same.

71.     The defendants deny the allegations contained in paragraph 71 of the plaintiff's complaint and call upon the plaintiff to prove the same.

72.     The defendants deny the allegations contained in paragraph 72 of the plaintiff's complaint and call upon the plaintiff to prove the same.

73.     The defendants deny the allegations contained in paragraph 73 of the plaintiff's complaint and call upon the plaintiff to prove the same.

74.     The defendants deny the allegations contained in paragraph 74 of the plaintiff's complaint and call upon the plaintiff to prove the same.

75.     The defendants deny the allegations contained in paragraph 75 of the plaintiff's complaint and call upon the plaintiff to prove the same.

76.     The defendants deny the allegations contained in paragraph 76 of the plaintiff's complaint and call upon the plaintiff to prove the same.

77.    The defendants deny the allegations contained in paragraph 77 of the plaintiff's complaint and call upon the plaintiff to prove the same.

78.    The defendants deny the allegations contained in paragraph 78 of the plaintiff's complaint and call upon the plaintiff to prove the same.

79.    The defendants deny the allegations contained in paragraph 79 of the plaintiff's complaint and call upon the plaintiff to prove the same.

80.    The defendants deny the allegations contained in paragraph 80 of the plaintiff's complaint and call upon the plaintiff to prove the same.

81.    The defendants deny the allegations contained in paragraph 81 of the plaintiff's complaint and call upon the plaintiff to prove the same.

82.    The defendants deny the allegations contained in paragraph 82 of the plaintiff's complaint and call upon the plaintiff to prove the same.

83.    The defendants repeat and reallege its responses to paragraphs 1 through 82 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

<u>COUNT I</u>

84.    The defendants deny the allegations contained in paragraph 84 of the plaintiff's complaint and call upon the plaintiff to prove the same.

<u>COUNT II</u>

85.    The defendants deny the allegations contained in paragraph 85 of the plaintiff's complaint and call upon the plaintiff to prove the same.

<u>COUNT III</u>

86.    The defendants deny the allegations contained in paragraph 86 of the plaintiff's complaint and call upon the plaintiff to prove the same.

9

87.    The defendants deny the allegations contained in paragraph 87 of the plaintiff's complaint and call upon the plaintiff to prove the same.

88.    The defendants deny the allegations contained in paragraph 88 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT IV

89.    The defendants deny the allegations contained in paragraph 89 of the plaintiff's complaint and call upon the plaintiff to prove the same.

90.    The defendants deny the allegations contained in paragraph 90 of the plaintiff's complaint and call upon the plaintiff to prove the same.

91.    The defendants deny the allegations contained in paragraph 91 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT V

92.    The defendants deny the allegations contained in paragraph 92 of the plaintiff's complaint and call upon the plaintiff to prove the same.

93.    The defendants deny the allegations contained in paragraph 93 of the plaintiff's complaint and call upon the plaintiff to prove the same.

94.    The defendants deny the allegations contained in paragraph 94 of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT VI

95.    The defendants deny the allegations contained in paragraph 95 of the plaintiff's complaint and call upon the plaintiff to prove the same.

96.    The defendants deny the allegations contained in paragraph 96 of the plaintiff's complaint and call upon the plaintiff to prove the same.

295219v1

## THIRD DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for retaliation must fail because he was not subjected to adverse employment action or motives because of any protected activity.

## FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's retaliation claim must fail since there is no proximity to the date of the plaintiff's alleged protected conduct and the disciplinary action taken against the plaintiff.

## FIFTH DEFENSE

By way of affirmative defense, the defendants state that plaintiff's claim pursuant to Chapter 151B, Section 4, paragraph 5 must fail since this allegation was not contained in the plaintiff's MCAD complaint.

## SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims of retaliation must fail since the actions taken by the defendants were based on legitimate business reasons and the alleged acts of retaliation have no proximity to the plaintiff's alleged protected conduct.

## SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to set forth an actionable claim under the Massachusetts Declaration of Rights.

## EIGHTH DEFENSE

By way of affirmative defense, the defendants state the plaintiffs' claim for violation of the Massachusetts Declaration of Rights must fail since there has been no taking of the plaintiffs' property by the defendants.

11

## NINTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim for alleged violation of his right to free expression and free association must fail since he did not have a constitutional right to make false claims.

## TENTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim for alleged violation of his right to free expression and free association must fail since plaintiff's expression/association did not involve a matter of public concern.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claim must fail because the defendants actions were based on legitimate non-discriminatory reasons and compelling interests and were not motivated by discriminatory intent or purpose.

## TWELFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since there has been no abuse of power, invidious discrimination, or fundamentally unfair procedures or unjustified disparate treatment with respect to similarly situated persons.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since the defendants' actions were not arbitrary, irrational or unreasonable.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendants state that any actions taken by the defendants in connection with the allegations in this complaint were justified and required by considerations of public health, safety, and welfare.

295219v1

### FIFTEENTH DEFENSE

By way of affirmative defense, the defendants state that they are immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

### SIXTEENTH DEFENSE

By way of affirmative defense, the defendants state that they cannot be held liable for violating the plaintiff's civil rights since no official or unofficial policy, ordinance, regulation, custom or practice or decision resulted in a deprivation of his constitutional rights.

### SEVENTEENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim pursuant to M.G.L. c. 12, §11H and 11I must fail since they did not deprive the plaintiff of constitutional or statutory rights by force, threat, intimidation or coercion.

### EIGHTEENTH DEFENSE

By way of affirmative defense, the defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

### NINETEENTH DEFENSE

By way of affirmative defense, the defendants states that they are immune from suit because of the doctrine of qualified immunity.

## TWENTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to allege any facts of a material nature which rise to the level of constitutional deprivations under 42 U.S.C. §1983 or M.G.L. c. 12, §11H and I.

## TWENTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that a civil rights action against the Town of Webster must fail since it cannot be held liable under the respondeat superior doctrine and the plaintiff has failed to show that the Town of Webster caused the alleged constitutional violation.

## TWENTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the Town of Webster and the defendants in their official capacity cannot be liable to the plaintiff pursuant to Massachusetts General Laws Chapter 12 since they are not "persons."

## TWENTY-THIRD DEFENSE

By way of affirmative defense, the defendants state the plaintiff has failed to set forth an actionable claim, pursuant to 42 U.S.C. §1983 against the Town of Webster since the plaintiff is unable to establish that there was a deliberate indifference to the rights of its inhabitants or that the alleged deficiency is related to the plaintiff's alleged injuries.

## TWENTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that there is no evidence that defendants' conduct was extreme or outrageous.

## TWENTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state that they were privileged in their conduct and acts and that, therefore, the plaintiff cannot recover.

295219v1

## TWENTY-SIXTH DEFENSE

By way of affirmative defense, the defendants say that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

## TWENTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since the defendants had no ulterior or illegitimate purpose.

## TWENTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim is barred since there is no evidence that the defendants acted recklessly or with callous indifference to the plaintiff's rights.

## TWENTY-NINTH DEFENSE

By way of affirmative defense, the defendants state the alleged actions of the defendants were not calculated to cause damage to the plaintiff.

## THIRTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's due process claims must fail since he had an adequate post deprivation remedy.

## THIRTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants' actions, at all times, were required in the interest of the public and the means used by the defendants were reasonably necessary for the accomplishment of this purpose and not unduly oppressive upon the plaintiff.

15

295219v1

### THIRTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants did not deprive the plaintiff of a constitutionally protected liberty or property interest.

### THIRTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's due process claim must fail since the plaintiff was given notice and a hearing.

### THIRTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff cannot recover punitive damages against the defendants since there is no evidence that the defendants engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the plaintiff's rights.

### THIRTY-FIFTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claims under § 1985 must fail since the plaintiff has failed to establish racial or class-based invidious discriminatory animus on the part of the defendants.

### THIRTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since he is not a member of any protected class.

### THIRTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants say that the defendants' conduct was justified in theory and practice by a legitimate bona fide interest and no alternative course of action could have been adopted that would have enabled that interest to be served with less discriminatory impact.

16

295219v1

## THIRTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has not set forth an actionable claim against the defendants since they are not subject to individual liability.

## THIRTY-NINTH DEFENSE

By way of affirmative defense, the plaintiff's claim must fail since there is no evidence that Richard Bergeron and William Keefe aided, abetted, invited, compelled or coerced the doing of any acts forbidden under Chapter 151B or that they attempted to do so.

## FORTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is estopped from recovering in this action by way of his own conduct.

## FORTY-FIRST DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone or something for whose conduct the defendants were not and are not legally responsible.

## FORTY-SECOND DEFENSE

By way of affirmative defense, the plaintiff has failed to satisfy the statutory requirements and conditions precedent necessary to maintain this action.

## FORTY-THIRD DEFENSE

By way of affirmative defense, the defendants say that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

## FORTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff cannot recover in this action since he was not qualified for the position he held due to his inappropriate conduct.

17

295219v1

### FORTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim is barred since he failed to exhaust the available contractual remedies.

### FORTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's termination was for just cause and the plaintiff was terminated in good faith and in compliance with M.G.L. c. 31.

### FORTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to exhaust administrative remedies prior to filing the present suit.

### FORTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claim must fail because he has not opposed any practice made an unlawful employment practice.

### FORTY-NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff cannot recover under his hostile work environment claim because he cannot show a pattern of harassment that is so severe and pervasive that it alters the conditions of his employment and creates an abusive work environment.

### FIFTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff cannot recover because he has unclean hands.

### FIFTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiffs are not entitled to recover because of his failure to mitigate damages.

295219v1

### FIFTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not eligible for punitive damages from the Town of Webster.

### FIFTY-THIRD DEFENSE

By way of affirmative defense, the defendants states that the plaintiff has waived or should be estopped from asserting some or all of the claims set forth in the complaint.

### FIFTY-FOURTH DEFENSE

By way of affirmative defense, the defendants say that the action is barred by the applicable statutes of limitations.

### FIFTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim, pursuant to Title VII, must fail since he failed to initiate this action within ninety days of receipt of the Right to Sue notice.

### FIFTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has not set forth an actionable claim against defendant Richard Bergeron pursuant to Title VII of the Civil Rights Act since he is not subject to individual liability.

### FIFTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's whistle blower protection claim must fail because the plaintiff has failed to satisfy the requirements of M.G.L. c. 149, § 185.

### FIFTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claim under M.G.L. c. 149 must fail since the plaintiff failed to provide the written notice required by M.G.L. c. 149, §185.

19

295219v1

## FIFTY-NINTH DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claim under M.G.L. c. 149 must fail since the defendants did not take any retaliatory action against the plaintiff.

## SIXTIETH DEFENSE

By way of affirmative defense, the defendants state that plaintiff's claim, pursuant to M.G.L. c. 149, is without basis in law or in fact and, therefore, the defendants will pursue reasonable attorney's fees and court costs.

## SIXTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims under c. 151B and Title VII must fail since they have already been dismissed by the MCAD.

## JURY CLAIM

THE DEFENDANTS CLAIM A TRIAL BY JURY.

The Defendants
Town of Webster, Richard Bergeron
and William Keefe

By Their Attorneys
MORRISON MAHONEY LLP

*Carole Sakowski Lynch*

Carole Sakowski Lynch, BBO#547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on JULY 29, 2005.

20

295219v1