UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:05cv40030FDS

| | |
|---|---|
| JOHN A. BOLDUC, JR. <br> Plaintiff <br> v. <br><br> TOWN OF WEBSTER, ROBIN LEAL, RICHARD BERGERON, AND WILLIAM KEEFE <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT ROBIN LEAL'S ANSWER TO FIRST AMENDED COMPLAINT
WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**

**ANSWER**

Defendant Robin Leal (the "Defendant") responds to the allegations of the First Amended Complaint, paragraph by paragraph, as follows:

Nature of Claim

1. The Defendant makes no response to Paragraph 1 because it does not allege a material fact, but rather consists of the Plaintiff's self-serving description of his claim and his conclusions of law to which no response is required. However, to the extent that a response may be required, the Defendant denies all of the assertions of Paragraph 1 as they pertain to the Defendant, denies that the Plaintiff is entitled to any relief and otherwise leaves the Plaintiff to his proof.

Administrative Procedures

2. The Defendant denies the allegation of Paragraph 2 to the extent that the Plaintiff's use of the term "Webster Town Administrator" is intended to refer to the Defendant. To the extent that the term "Webster Town Administrator" is intended to refer to a person other than the Defendant, the Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 2 and therefore leaves the Plaintiff to his proof. Responding further, the Defendant states that no copy of any document was attached to the copy of the Complaint she received as "Exhibit A."

3. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 3 and therefore leaves the Plaintiff to his proof. Responding further, the Defendant states that no copy of any document was attached to the copy of the Complaint she received as "Exhibit B."

4. The Defendant makes no response to Paragraph 4 because it does not allege a material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the assertion of Paragraph 4 and therefore leaves the Plaintiff to his proof.

5. The Defendant makes no response to Paragraph 5 because it does not allege a material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendant leaves the Plaintiff to his proof. Responding further, the Defendant states that no copy of any document was attached to the copy of the Complaint she received as "Exhibit C."

Jurisdiction and Venue

6. The Defendant makes no response to Paragraph 6 because it does not allege a material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendant leaves the Plaintiff to his proof.

7. The Defendant makes no response to Paragraph 7 because it does not allege a material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendant leaves the Plaintiff to his proof.

8. The Defendant makes no response to Paragraph 8 because it does not allege a material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendant leaves the Plaintiff to his proof.

9. The Defendant makes no response to Paragraph 9 because it does not allege a material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendant denies that she violated the Plaintiff's rights and otherwise leaves the Plaintiff to his proof.

Parties

10. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 10 and therefore leaves the Plaintiff to his proof.

11. The Defendant admits the allegations of Paragraph 11.

12. As to the allegations of Paragraph 12, the Defendant admits only that she is a natural person and that she resides at the location stated. The Defendant denies the remaining allegations of Paragraph 12.

13. As to the allegations of Paragraph 13, the Defendant admits only that Bergeron is a natural person and that he was formerly the Chief of Police of Webster. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 13 and therefore leaves the Plaintiff to his proof.

14. As to the allegations of Paragraph 14, the Defendant admits only that Keefe is a natural person and that he is the Chief of Police of Webster. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore leaves the Plaintiff to his proof.

15. The Defendant denies the allegations of Paragraph 15 to the extent that person are alleged to have acted "jointly and severally" or "in cooperation and concert" with the Defendant "in a pattern of antagonism and retaliatory conduct." The Defendant further denies that she acted toward the Plaintiff "in a pattern of antagonism and retaliatory conduct." The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore leaves the Plaintiff to his proof.

16. The Defendant makes no response to Paragraph 16 because it does not allege a material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendant leaves the Plaintiff to his proof.

17. The Defendant objects to Paragraph 17 because it is vague and ambiguous with respect to what is alleged and does not reasonably permit a direct answer. The Defendant makes no response to Paragraph 17 because it does not allege material facts, but rather evidently states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendant leaves the Plaintiff to his proof.

Facts Giving Rise To John A. Bolduc's Causes of Action

18-48. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 and therefore leaves the Plaintiff to his proof.

49. As to the allegations of Paragraph 49, the Defendant admits only that she was appointed Town Administrator by the Webster Town Select Board. As to the

remaining allegations of Paragraph 49, the Defendant leaves the Plaintiff to his proof.

50. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 50 and therefore leaves the Plaintiff to his proof.

51. As to the allegations of Paragraph 51, the Defendant admits only that the Plaintiff testified at a hearing on or about December 12, 2003. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 51 and therefore leaves the Plaintiff to his proof.

52. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 52 and therefore leaves the Plaintiff to his proof

53. As to the allegations of Paragraph 53, the Defendant admits only that the Plaintiff was placed on leave pending the outcome of an investigation into the Plaintiff's use of excessive and unnecessary force on several arrestees and/or detainees. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 53 and therefore leaves the Plaintiff to his proof.

54. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 54 and therefore leaves the Plaintiff to his proof

55. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 55 and therefore leaves the Plaintiff to his proof

56. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 56 and therefore leaves the Plaintiff to his proof

57. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 57 and therefore leaves the Plaintiff to his proof.

58. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 58 and therefore leaves the Plaintiff to his proof.

59. The Defendant admits the allegations of Paragraph 59.

60. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 60 and therefore leaves the Plaintiff to his proof.

61. The Defendant denies that portion of Paragraph 61 which alleges that she asked each member of the Webster Select Board to "individually rescind the Bolduc commendation . . . because it would weaken her position at the disciplinary hearing

and matters pending before the MCAD." The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 61 and therefore leaves the Plaintiff to his proof.

62. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 62 and therefore leaves the Plaintiff to his proof.

63. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 63 and therefore leaves the Plaintiff to his proof.

64. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 64 and therefore leaves the Plaintiff to his proof.

65. The Defendant admits only that portion of Paragraph 65 which alleges that on March 10, 2004, she was the hearing officer at a disciplinary hearing for the Plaintiff concerning allegations that he had mistreated prisoners in his custody and control. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 65 and therefore leaves the Plaintiff to his proof.

66. As to the allegations of Paragraph 66, the Defendant admits only that on or around March 19, 2004, the Plaintiff's employment as a Webster Police Officer was terminated. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 66 and therefore leaves the Plaintiff to his proof.

67. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 67 and therefore leaves the Plaintiff to his proof.

68. The Defendant denies the allegations of Paragraph 68 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 68 and therefore leaves the Plaintiff to his proof.

69. The Defendant denies the allegations of Paragraph 69 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 69 and therefore leaves the Plaintiff to his proof.

70. The Defendant denies the allegations of Paragraph 70 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 70 and therefore leaves the Plaintiff to his proof.

71. The Defendant denies the allegations of Paragraph 71 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 71 and therefore leaves the Plaintiff to his proof.

72. The Defendant denies the allegations of Paragraph 72 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 72 and therefore leaves the Plaintiff to his proof.

73. The Defendant denies the allegations of Paragraph 73 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 73 and therefore leaves the Plaintiff to his proof.

74. The Defendant denies the allegations of Paragraph 74.

75. The Defendant denies the allegations of Paragraph 75 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 75 and therefore leaves the Plaintiff to his proof.

76. The Defendant denies the allegations of Paragraph 76 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 76 and therefore leaves the Plaintiff to his proof.

77. The Defendant denies the allegations of Paragraph 77 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 77 and therefore leaves the Plaintiff to his proof.

78. The Defendant denies the allegations of Paragraph 78 as they may pertain to her. The Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 78 and therefore leaves the Plaintiff to his proof.

79. The Defendant denies the allegations of Paragraph 79.

80. The Defendant denies the allegations of Paragraph 80.

81. Denied in the express terms alleged. Responding further, the Defendant denies the "actions" alleged to which this allegation evidently refers and denies the allegation

of a conspiracy to which she was a party, but admits that some or all of her actions were taken with the knowledge and approval of the Select Board of the Town of Webster. To the extent that a further response may be required, the Defendant leaves the Plaintiff to his proof.

82. As to the allegations of Paragraph 82, the Defendant admits only that the Plaintiff's employment as an officer of the Webster Police Department terminated. The Defendant denies the remainder of Paragraph 82.

## CAUSES OF ACTION

83. The Defendant hereby incorporates and makes her responses to Paragraphs 1 through 82 part of her responses to Counts I, II, III, IV, V and VI of the First Amended Complaint as if fully set forth herein.

## COUNT I
## U.S.C., § 1983

84. The Defendant denies the allegations of Paragraph 84 as they relate to her.

WHEREFORE, the Defendant respectfully moves the Court to dismiss the First Amended Complaint as it relates to her, to afford the Plaintiff no relief and to award to the Defendant her recoverable costs and attorneys fees.

## COUNT II
## U.S.C., § 1985

85. The Defendant denies the allegations of Paragraph 85 as they relate to her.

WHEREFORE, the Defendant respectfully moves the Court to dismiss the First Amended Complaint as it relates to her, to afford the Plaintiff no relief and to award to the Defendant her recoverable costs and attorneys fees.

## COUNT III
## General Laws Chapter 151B

86-88. The Defendant makes no response to Paragraphs 86, 87 and 88 because they are not

addressed to her. To the extent that a response may be required, the Defendant denies liability and leaves the Plaintiff to his proof.

## COUNT IV
### Title VII

89-91.   The Defendant makes no response to Paragraphs 89, 90 and 91 because they are not addressed to her. To the extent that a response may be required, the Defendant denies liability and leaves the Plaintiff to his proof.

## COUNT V

92-94.   The Defendant makes no response to Paragraphs 92, 93 and 94 because they are not addressed to her. To the extent that a response may be required, the Defendant denies liability and leaves the Plaintiff to his proof.

## COUNT VI
### General Laws Chapter 12H and I

95-96.   The Defendant makes no response to Paragraphs 95 and 96 because they are not addressed to her. To the extent that a response may be required, the Defendant denies liability and leaves the Plaintiff to his proof.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Defendant states by way of affirmative defense that the First Amended Complaint does not state a claim against her upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The Defendant states by way of affirmative defense that the First Amended Complaint does not state a claim against her upon which relief can be granted because the Defendant is not liable to pay the Plaintiff any amount of damages alleged.

### THIRD AFFIRMATIVE DEFENSE

The Defendant states by way of affirmative defense that she is entitled to qualified immunity and cannot be held liable to the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant states by way of affirmative defense that she was justified in her conduct and actions and cannot be held liable to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant states by way of affirmative defense that at the time of the events alleged in the First Amended Complaint, Plaintiff John Bolduc was acting in violation of the laws of the Commonwealth of Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant states by way of affirmative defense that Plaintiff John Bolduc is estopped from obtaining any judgment against the Defendant by his own conduct and actions.

### SEVENTH AFFIRMATIVE DEFENSE

If the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claim made against the Defendant is frivolous and is not reasonably supported by law or fact.

### NINTH AFFIRMATIVE DEFENSE

The Defendant states by way of affirmative defense that the Plaintiff's claims are barred by his failure to mitigate his alleged damages and losses.

## JURY DEMAND

The Defendant demands a trial by jury on all triable issues.

>The Defendant,
>ROBIN LEAL,
>By Her Attorneys,
>
>/s/  William P. Breen, Jr.
>William P. Breen, Jr. BBO #558768
>Rebecca L. Andrews, BBO #644846
>MURPHY, HESSE, TOOMEY & LEHANE, LLP.
>300 Crown Colony Drive, Suite 410
>Quincy, MA 02169
>(617) 479-5000

Dated: August 12, 2005