UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:05-cv-40030FDS

JOHN A. BOLDUC, JR.,
    Plaintiff,

v.

TOWN OF WEBSTER, ROBIN LEAL,
RICHARD BERGERON, and
WILLIAM KEEFE,
    Defendants.

## DEFENDANT ROBIN LEAL'S
## AMENDED MOTION FOR SUMMARY JUDGMENT

Defendant Robin Leal (also known as Robin Leal Carver), who is sued both individually and in her capacity as Town Administrator of Webster, ("Ms. Leal") respectfully moves for Summary Judgment in her favor on Counts I and II of the Complaint, in accordance with F.R. Civ. P. Rule 56. Summary judgment is warranted because there is no genuine issue of fact relating to the Plaintiff's claim and because the facts entitle Ms. Leal to prevail as a matter of law. Polaroid Corp. v. Rollins Envt'l Svcs. (N.J.), Inc., 416 Mass. 684, 696 (1993). In support of this Motion, Respondent has attached a Memorandum setting out the undisputed facts and the reasons Respondent prevails as a matter of law.

Specifically, Ms. Leal prevails because:

1. All acts referred to by Plaintiff regarding Leal were made in her official capacity as Town Administrator for the Town of Webster, and she is therefore protected by qualified immunity from liability under 42 U.S.C. §§1983 and 1985. *See* Borges

>   Colon v. Roman-Abreu, 438 F.3d 1 (1st Cir. 2006); Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87 (1st Cir. 1994).

2. Plaintiff was entitled to receive, and did receive, a civil service hearing and appeal and this alternate postdeprivation remedy prohibits him from bringing his 42 U.S.C. §1983 claim in this Court. Cronin v. Amesbury, 81 F.3d 257 (1st Cir. 1996).

3. Plaintiff has not presented any evidence that he was deprived of a constitutional right, and his claims under 42 U.S.C. §§1983 and 1985 therefore fail. Storlazzi v. Bakey, 894 F.Supp. 494 (D.Mass. 1995); Local 749, AFSCME v. Ment, 945 F.Supp. 30 (D.Conn. 1996). Further, even if Plaintiff was deprived of a constitutional right, and Leal intended to deprive him of that right, Leal may not be held liable if she has a rational basis for her actions, and she has the rational basis that Bolduc was engaging in detainee abuse. Storlazzi v. Bakey, 894 F.Supp. 494 (D.Mass. 1995).

Ms. Leal further states that Counts III, IV, V and VI of Plaintiff's Complaint do not name Ms. Leal.

WHEREFORE Defendant Robin Leal respectfully requests that this Court GRANT Summary Judgment in her favor on all Counts.

### Request for Hearing

Defendant Robin Leal further requests that this court hold a hearing on this Motion.

Respectfully submitted,

DEFENDANT ROBIN LEAL CARVER,

By her Attorneys,

MURPHY, HESSE, TOOMEY & LEHANE, LLP

/s/ Geoffrey McCullough
Geoffrey McCullough, BBO#633720
Murphy, Hesse, Toomey & Lehane, LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
(617) 479-5000

Dated: November 14, 2006

### Certificate of Service

I, Geoffrey McCullough, hereby certify that a true copy of the above document was served upon the attorney of record for Plaintiff, John A. Green, at Green, Miles, Lipton, White & Fitz-Gibbon, 77 Pleasant Street, Northampton, Massachusetts 01060, (413) 586-8218 and upon Counsel for Defendants the Town of Webster, Richard Bergeron and William Keefe, Carole Sakowski Lynch, at Morrison Mahony, 1500 Main Street, Springfield, Massachusetts 01115, (413) 737-4373, by first class mail, postage prepaid on this 14th day of November, 2006.

/s/ Geoffrey McCullough
Geoffrey McCullough

### Local Rule 7.1 Certificate of Conferral

I, Geoffrey McCullough, hereby certify on this 15th day of November, 2006 that I conferred with opposing counsel and attempted in good faith to resolve or narrow the issues addressed in the foregoing Motion and accompanying Memorandum, before filing said Motion and accompanying Memorandum.

/s/ Geoffrey McCullough
Geoffrey McCullough

**Second Certificate of Service**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 15, 2006.

              /s/ Geoffrey McCullough
              Geoffrey McCullough